**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1417
_____

UNITED STATES OF AMERICA

v.

DESHAWN KING, a/k/a Wop, a/k/a Mike

DeShawn King,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-13-cr-00417-001)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 18, 2016
_____

Before: CHAGARES, RESTREPO, and VAN ANTWERPEN,[*] *Circuit Judges*.

(Filed: September 28, 2016)
_____

OPINION[**]
_____

---

[*] The Honorable Franklin Van Antwerpen participated in the decision in this case, but died before the opinion was filed. This opinion is filed by a quorum of the court. *See* 28 U.S.C. § 46; Third Circuit I.O.P. 12.1(b).

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

DeShawn King ("Appellant" or "King") entered an open guilty plea to one count of conspiracy to commit sex trafficking by force, fraud or coercion, in violation of 18 U.S.C. § 1594, and four related substantive counts, under 18 U.S.C. §1591, each involving different victims. Ultimately, King was sentenced to 293 months in prison, a $1,000 fine, and 15 years of supervised release, which included several special conditions. King now appeals, raising two separate issues, neither of which was preserved. First, King argues that the District Court erred by failing to properly advise him under the recusal statute, 28 U.S.C. §455(a) & (e), before accepting his waiver of the District Court's involvement in a potentially disqualifying event. Second, King argues that the District Court erred by imposing two special conditions of supervised release regarding minors that are not reasonably related to Mr. King's history and are more restrictive than necessary. For the reasons that follow, we will vacate the portion of the judgment that imposes the special conditions of supervised release restricting King's interaction with minors and remand the case to the District Court to either: (1) provide an explanation and justification for those special conditions and reimpose them, or (2) enter an amended judgment omitting those special conditions of supervised release. We will affirm the judgment of the District Court in all other respects.

I

By his own admission, King's crimes were "abhorrent." Appellant's Br. 3. King and his co-defendant, Daniel Blount, "were involved in a conspiracy to distribute heroin, which also involved a prostitution business in and around Allentown, Pennsylvania."

Appellant's Br. 4. King and Blount "convinced heroin addicts who purchased drugs from them to work for them in exchange for heroin, money, and housing." Appellant's Br. 4. King and Blount "collected the money earned by the women," and "manipulated the women's access to heroin." Appellant's Br. 4. To force their continued participation in this repugnant enterprise, King and Blount would threaten and assault the four women under their control. Simply put, King and Blount were violent and abusive pimps and drug dealers.

King and Blount were indicted on September 5, 2013. Count One charged King and Blount with conspiracy to commit sex trafficking by force, fraud, or coercion, under 18 U.S.C. § 1594(c); Counts Two and Three charged King and Blount with sex trafficking by force, fraud or coercion, under 18 U.S.C. § 1591(a); and Counts Four and Five charged King and Blount with attempted sex trafficking by force, fraud or coercion, under 18 U.S.C. §§ 1591 and 1594(a). App. 26-37. King entered an open guilty plea on January 10, 2014. In doing so, King understood that these crimes carried a mandatory minimum term of 15 years in prison, and that the maximum term was life in prison.

The Honorable James Knoll Gardner conducted King's sentencing hearing over the course of two days, January 15, 2015, and February 6, 2015. Approximately halfway through the first day of the sentencing hearing, Judge Gardner summoned counsel for King and the Government to sidebar. At sidebar, Judge Gardner informed counsel that approximately a year earlier he had attended the last five minutes of an Inn of Court meeting, during which a panel of members gave a presentation based on the facts of King's case. Judge Gardner explained that he had arrived late to the meeting, was

3

distracted by other events while he was there, and did not pay attention to the presentation.[1] After hearing this, the Government lodged no objection and King's attorney requested two minutes to speak with his client. Thereafter, King spoke privately with his attorney for approximately one minute. King's attorney then returned to sidebar and informed Judge Gardner that King "has no problem whatsoever with Your Honor continuing with this hearing." App. 182. The sidebar then concluded and Judge Gardner conducted an on-the-record colloquy with King regarding this Inn of Court meeting. During that colloquy King acknowledged that he: (1) had time to speak with his attorney about Judge Gardner's attendance at this meeting; (2) had time to ask his attorney any questions he had and that his attorney answered those questions to his satisfaction; (3) understood his attorney's answers to those questions; (4) had enough time to speak with his attorney about this issue; and (5) had no problem with Judge Gardner's continued involvement in his sentencing. App. 182-84. Both attorneys declined the District Court's invitation to add anything to the colloquy, and neither objected. After hearing from witnesses and counsel for the parties, the District Court adjourned the sentencing proceedings before imposing a sentence.

The second portion of King's sentencing hearing took place on February 6, 2015. In the three-week interval between the first and second days of his sentencing hearing, King did not move for the recusal of Judge Gardner or otherwise object to Judge

---

[1] Judge Gardner explained that he was so distracted that he did not even realize the presentation was based on the facts of King's case – he only discovered this fact the day after the presentation when one of his law clerks who attended the Inn of Court meeting explained the connection.

4

Gardner's continued involvement in the sentencing. In addition, King did not object to Judge Gardner's involvement on February 6, 2015, either before or after King's sentence was imposed. Ultimately, the District Court ordered that King be imprisoned for a term of 293 months on each of Counts One through Five, all running concurrently. King's sentence also included a $1,000 fine, and 15 years of supervised release. King's supervised release carried numerous special conditions. Among other things, those conditions required King to: (1) "report to the United States Probation Office any regular contact with children of either sex under the age of 18;" and (2) "not obtain employment or perform volunteer work which includes regular contact with children under the age of 18." App. 217. This timely appeal followed.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. On appeal, King raises two issues: (1) whether the District Court sufficiently advised King of his rights under the recusal statute, 28 U.S.C. §455(a) & (e), before accepting King's waiver of the District Court's involvement in a potentially disqualifying event; and (2) whether the District Court erred in imposing two conditions of supervised release that restricted King's interactions with minors.[2] We address each issue in turn.

---

[2] Neither of King's claims were preserved, so our review is for plain error. *United States v. Dahl*, --- F.3d ----, 2016 WL 4394538, at *2 (3d Cir. Aug. 18, 2016). Plain error requires a finding of "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tai*, 750 F.3d 309, 313-14 (3d Cir. 2014) (citation omitted).

5

A

The federal recusal statute, 28 U.S.C. § 455, provides, in relevant part, that:

(a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
. . . .
(e)     . . . Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

"The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kennsington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under subsection (a), questions of impartiality must be viewed on "an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). King argues that "[t]he district court correctly identified that the discussion about Mr. King's case at the Inn of Court meeting he and his law clerks attended created a reasonable basis to question to court's impartiality." Appellant's Br. 11. We disagree.

Judge Gardner's limited attendance at the Inn of Court meeting was far too brief and his involvement was far too tangential to create a situation in which Judge Gardner's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, while it was prudent judicial practice for Judge Gardner to advise all counsel and King of this

situation prior to imposing a sentence,[3] the alleged "ground for disqualification" here did not necessitate a waiver from King under 28 U.S.C. § 455(e).[4]

Our precedential opinion in *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2013), informs our resolution of this issue.[5]  In *Ciavarella*, the defendant/appellant affirmatively sought the recusal of the district court judge because, among other things, the judge received nearly 200 letters from the public regarding the case and responded to seven of those letters.  *Id*. at 721.  Despite the fact that some of those seven responses expressed the judge's personal opinions about the defendant and the case before him, we found that section 455(a) did not require recusal.  *Id*. at 723.  By contrast, Judge Gardner's extra-judicial involvement with King's case was much less significant – he attended the last five minutes of a presentation that was based on King's case.  In addition, the record reflects that Judge Gardner wasn't paying attention during his brief attendance – he only learned about the presentation topic on the following day, after his

---

[3] We disagree with King's argument that the District Court, in raising this issue, "implicitly acknowledged" that the Inn of Court meeting triggered 28 U.S.C. § 455(a). Appellant's Br. 11.  Indeed, the record reflects that it is Judge Gardner's practice "whenever [he] ha[s] *any* connection with a case, *no matter how slight*, to advise counsel of that on the record."  App. 179-80 (emphasis added).

[4] We note that: (1) Judge Gardner informed all counsel of the circumstances at sidebar; (2) King briefly and privately spoke with his counsel about the circumstances; and (3) Judge Gardner conducted and on-the-record colloquy with King about the circumstances, after which King agreed to have Judge Gardner continue with the sentencing hearing.

[5] In considering this appeal we are mindful of the crucial role that section 455 plays in our system of justice, as it "addresses not only fairness to the litigants but also the public's confidence in the judiciary."  *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992).  Nevertheless, we are confident that neither purpose is offended by our decision today.  The circumstances presented by this appeal are insufficient to negatively implicate either judicial fairness to King or the public's confidence in the judiciary.

law clerk informed him. Furthermore, unlike the judge in *Ciavarella*, at no time did Judge Gardner express his personal opinions about King or King's case. It is clear that Judge Gardner's interaction was more fleeting and less consequential than the interaction of the judge in *Ciavarella*, whose recusal we held was not required under section 455(a).

In sum, Judge Gardner's impartiality could not reasonably be questioned under these circumstances, and thus did not require recusal under section 455(a) or a waiver under section 455(e).

## B

King argues that it was plain error for the District Court to impose two special conditions of supervised release that impaired King's interactions with minors. The Government agrees. As do we.

"Though district courts have broad discretion in fashioning special conditions of supervised release, this discretion is not unfettered." *United States v. Heckman*, 592 F.3d 400, 405 (3d Cir. 2010). A district court may impose conditions of supervised release if they are required by statute, or if they are "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, the achievement of adequate deterrence, the protection of the public, and the defendant's rehabilitative needs. *See* 18 U.S.C. § 3583(d)(1); *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005). The conditions must involve no "greater deprivation of liberty than is reasonably necessary" to promote these enumerated purposes. 18 U.S.C. § 3583(d)(2); *see Pruden*, 398 F.3d at 248. A "reasonably related" condition must relate in a "tangible

8

way" to "the crime or something in the defendant's history." *Pruden*, 398 F.3d at 249; *Heckman*, 592 F.3d at 405.

"[A] condition with no basis in the record, or with only the most tenuous basis, will inevitably violate §3583(d)(2)'s command that such conditions 'involve[] no greater deprivation of liberty than is reasonably necessary.'" *Pruden*, 398 F.3d at 249. Accordingly, a district court must provide an on-the-record explanation and justification for the sentence it imposes, including special conditions of supervised release. *See United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010) ("We have consistently required that district courts explain and justify conditions of supervised release."); *see also United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (noting that "District courts must provide their explanations and justifications while going through three steps at sentencing," because those explanations and justifications are necessary to facilitate meaningful appellate review).

The Government concedes that "the conditions that restricted King's interaction with minors are not reasonably related to the nature and circumstances of King's offense." Appellee's Br. 27. In addition, the record is devoid of any explanation or justification for the imposition of the special conditions related to minors. We agree with the parties that these conditions must be vacated.

King asks us to remand this case for resentencing. He argues that a full resentencing "avoids any speculation over the reason for the district court's error." Appellant's Reply Br. 6. On the other hand, the Government believes that the appropriate remedy is to "remand the case for the limited purpose of vacating the special

conditions relating to minors, and direct the district court to enter an amended judgment reflecting this change while leaving all other aspects of the judgment intact." Appellee's Br. 28. Here, we do not believe that a full resentencing is necessary. Accordingly, we will vacate the portion of the judgment that imposes the special conditions of supervised release relating to minors and remand the case to the District Court to either: (1) provide an explanation and justification for those special conditions and reimpose them,[6] or (2) enter an amended judgment omitting those special conditions of supervised release.

## III

For the foregoing reasons, we will vacate the portion of the judgment that imposes the special conditions of supervised release relating to minors and remand the case to the District Court to either: (1) provide an explanation and justification for those special conditions and reimpose them, or (2) enter an amended judgment omitting those special conditions of supervised release. We will affirm the judgment of the District Court in all other respects.

---

[6] If the District Court elects to reimpose these two special conditions of supervised release on remand, "the Court must provide a sufficiently detailed explanation of its reasoning to permit meaningful appellate review." *Miller*, 594 F.3d at 188.